# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

PATRICK D. CAHILL,

    Plaintiff,

v.                          CASE NO. 4:07cv118-RH/WCS

CHARLES CRIST,
etc., et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

    This matter is before the court on the magistrate judge's report and recommendation (document 7), the objections thereto (document 8), and plaintiff's memorandum (document 11) responding to an order to show cause why the action should not be dismissed for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.  I have reviewed the issues de novo.

    Plaintiff alleges that a Florida state court ordered him to pay child support and afforded him the right to visitation.  Plaintiff asserts the Florida Department of Revenue is attempting to collect unpaid child support, included by imposing a lien

on a federal income tax refund.  Plaintiff asserts the state court has failed, however, to enforce the visitation order.  Plaintiff asserts it is unconstitutional for the state to enforce the child support order without also enforcing the visitation order.

As the report and recommendation correctly concludes, the subject matter jurisdiction of federal district courts ordinarily does not extend to child support issues, even when there is diversity of citizenship.  Even if, as plaintiff asserts, this "domestic relations" exception did not apply to his claim that the state's actions here have violated the due process and equal protection clauses of the Constitution, this would not save his complaint.

First, it is not a violation of due process for a state court to order a non-custodial parent to pay child support, so long as the court affords the parent notice and an opportunity to be heard and otherwise meets the requirements of procedural due process.  Plaintiff makes no claim the state court failed to meet these requirements.  And even if plaintiff made such a claim, his attempt to litigate the issue in this court would run afoul of the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

Second, it is not a violation of the equal protection clause for a state to

assign an executive department (such as the Florida Department of Revenue) the role of seeking to enforce child support obligations, while leaving it to the parents themselves to litigate visitation issues.  It often falls to the state, after all, to provide financial support to children (and families with children) when a responsible parent fails to pay child support as ordered by a court.  And a state is free to decide, as Florida has, that visitation and child support are separate issues—that is, that a custodial parent's failure to comply with his or her obligation to allow visitation does not extinguish the non-custodial parent's obligation to pay child support.

Plaintiff is free, of course, to contest any enforcement action taken by the Department of Revenue.  He is free to seek enforcement of his visitation rights in state court.  But he may not litigate his visitation rights in this court, and he may not challenge in this court the decisions of the state court.  Plaintiff's challenge to the Florida system, unaccompanied by any claim that he was denied notice and an opportunity to be heard or other requirements of procedural due process, fails to state a claim and would be subject to dismissal on that basis, even if within this court's subject matter jurisdiction.

For these reasons,

IT IS ORDERED:

The report and recommendation entered March 29, 2007 (document 7) is adopted as the opinion of the court. The clerk shall enter judgment stating,

> "This action is dismissed. The dismissal is without prejudice for lack of subject matter jurisdiction to the extent the complaint challenges state court orders on child visitation and child support. The dismissal is with prejudice for failure to state a claim to the extent the complaint contests actions other than state court orders on child visitation and child support."

The clerk shall close the file.

SO ORDERED this 30th day of May, 2007.

s/Robert L. Hinkle<br>
Chief United States District Judge